NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL A. REHFELDT, | No.   23-15240 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00181-KJM |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO N. MAYORKAS, Secretary of Homeland Security (substituted for former Acting Secretary of Homeland Security Chad Wolf, pursuant to FRCP 25(d)), | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CHAD F. WOLF, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Kenneth J. Mansfield, Magistrate Judge, Presiding

Argued and Submitted February 14, 2024
University of Hawaii Manoa

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Michael Rehfeldt appeals the district court's order granting summary judgment in favor of the Department of Homeland Security and Alejandro Mayorkas (collectively, "Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm in part and reverse in part.

**1.** The district court did not abuse its discretion by deeming Defendants' statement of undisputed facts admitted for purposes of summary judgment. The District Court's Local Rule 56.1(g) provides that "material facts set forth in the movant's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." Local Rules of Practice for the United States District Court for the District of Hawaii (Aug. 26, 2019). Local rules have the "force of law" and are binding upon the parties and the court. *Martel v. County of Los Angeles*, 21 F.3d 940, 946–47 (9th Cir. 1994). Rehfeldt admits that he failed to controvert almost all of Defendants' factual assertions. The district court thus did not abuse its discretion by following its own rules and deeming Defendants' factual statements admitted.

**2.** Even treating Defendants' statements of fact as admitted, however, the district court erred in granting Defendants summary judgment on Rehfeldt's Count II for violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

Under the Act, "[o]nce an employee requests an accommodation . . . , the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." *U.S. E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002)).[1] This interactive process "requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." *Id.* (quoting *Zivkovic*, 302 F.3d at 1089). Rehfeldt asserts that at least three genuine disputes of material fact exist as to whether Defendants engaged in this interactive process in good faith, specifically with respect to: (1) his request to work remotely; (2) his request under the Voluntary Leave Transfer Program ("VLTP"); and (3) his relocation to the Annex. We consider each in turn.

First, Rehfeldt has failed to raise a genuine dispute of material fact regarding whether Defendants improperly rejected his request for remote work because the evidence, even viewed in the light most favorable to Rehfeldt, shows that Defendants engaged in the interactive process in response to this request. Indeed, although a request to work remotely can in some cases be considered reasonable,

---

[1] "In determining whether a federal agency has violated the Rehabilitation Act, the standards under Title I of the Americans with Disabilities Act ('ADA') apply." *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir. 2000) (citation omitted).

*see Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001), Defendants indicated that implementing such a request would pose an "undue burden" given that Rehfeldt's job required handling sensitive information. More importantly, Defendants offered Rehfeldt at least one practical alternative, specifically that he take various forms of leave, which this court has considered a reasonable accommodation under the Act. *See id.* at 1136. Defendants thus satisfied their obligation, and the district court properly granted summary judgment on this issue.

Second, Rehfeldt has raised a genuine dispute of material fact regarding whether his VLTP request would have constituted a reasonable accommodation. As part of the interactive process, the employee has the initial burden of showing that a reasonable accommodation is possible. *See Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir. 1993). Once the employee has done so, the employer cannot "avoid reasonable accommodation absent a showing of undue hardship." *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000), *vacated on other grounds sub nom. US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002).

Defendants argue that Rehfeldt was ineligible for VLTP on the basis that he had not yet exhausted his other leave sources at the time of his application. But Rehfeldt has presented evidence that such a requirement was not consistently enforced. Thus, a genuine dispute of material fact exists as to whether VLTP

4

would have constituted a reasonable accommodation that Defendants were required to consider. *UPS Supply Chain Sols.*, 620 F.3d 1103 (quoting *Zivkovic*, 302 F.3d at 1089). Summary judgment was therefore improper.

Finally, Rehfeldt has raised a genuine dispute of material fact regarding whether his relocation to the Annex was an effective accommodation. Under the Act, "[a]n appropriate reasonable accommodation must be effective." *Barnett*, 228 F.3d at 1115; *see also UPS Supply Chain Sols.*, 620 F.3d at 1110 ("Ineffective modifications . . . are not accommodations."). And though the interactive process required by the Act "does not require an employer to be clairvoyant regarding the effectiveness of a modification," *UPS Supply Chain Sols.*, 620 F.3d at 1112, an employee need only show that their employer "was aware *or should have been aware* that the modification it offered . . . was not effective," *id.* at 1114 (emphasis added).

Although Rehfeldt failed to dispute Defendants' statement that "[w]hile working out of the Annex, [he] never informed management that his asthma worsened," Rehfeldt has nonetheless presented evidence from which a reasonable trier of fact could find that Defendants should have been aware that his relocation to the Annex was an ineffective accommodation. As we said in *UPS Supply Chain Sols.*, "[w]here . . . there is a disputed issue of fact regarding whether the modifications the employer selected were effective, and where the trier of fact

5

could reasonably conclude that the employer was aware or should have been aware that those modifications were not effective, summary judgment is not appropriate." 620 F.3d at 1114. That is the situation here, and summary judgment on that issue was therefore improper.

In short, Rehfeldt has presented evidence that Defendants "foreclosed at least one potentially reasonable accommodation" by denying his VLTP application, *Barnett*, 228 F.3d at 1117, and failed to offer "an accommodation that [was] reasonable and effective" by relocating him to the Annex, *UPS Supply Chain Sols.*, 620 F.3d at 1111. Viewing all evidence in the light most favorable to Rehfeldt, a reasonable trier of fact could determine that Defendants did not engage in the interactive process in good faith. For these reasons, summary judgment was not warranted. *See Barnett*, 228 F.3d at 1116.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each side shall bear their own costs on appeal.